**Deborah LITTLEFIELD v. DEPARTMENT OF EMPLOYMENT AND TRAINING**

[496 A.2d 947]

No. 83-411

July 19, 1985. The defendant's motion for reargument, filed five months after this Court's decision was rendered, is denied. V.R.A.P. 40.

**STATE of Vermont v. Bernard LaFOUNTAIN**

[499 A.2d 796]

No. 84-408

August 2, 1985. Defendant has squarely raised a question of first impression: Is a "jailhouse interrogation" presumptively custodial under the provisions of the Vermont Constitution, ch. I, art. 10, thereby requiring prophylactic "*Miranda* warnings" by police officials?

Neither party, however, has presented any substantive analysis or argument on this question. This constitutes inadequate briefing, and we decline to address the state constitutional question presented in this case. *State v. Taylor*, 145 Vt. 437, 439, 491 A.2d 1034, 1035 (1985). Moreover, even if the issue had been properly briefed, there is no apparent merit to the appeal. Defendant went to the police station voluntarily to inquire about his motorcycle. The statements he made while there were admitted at trial without objection, and the issue we are asked to rule on was not raised below. Defendant was never in custody during the period in question.

Appeal dismissed.

**In re Edwards C. O'BOYLE, Jr.**

[499 A.2d 796]

No. 85-353

August 20, 1985. The resignation of Attorney Edwards C. O'Boyle, Jr. from the Bar of the Vermont Supreme Court is accepted subject to the terms and conditions of 12 V.S.A. App. VIII, A.O. 9, § 14. Judgment that Edwards C. O'Boyle, Jr. is removed from the office of attorney and counsellor at law and solicitor in chancery, and his name is stricken from the rolls.

Edwards C. O'Boyle, Jr. is reminded that he must comply with 12 V.S.A. App. VIII, A.O. 9, § 16.